**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re

James M. Greber                                    Case No.13-30235-KRH
3949 Fighting Creek Drive                          Chapter 7
Powhatan, VA 23139
SSN: xxx-xx-3534

Caroline M. Greber
3949 Fighting Creek Drive
Powhatan, VA 23139
SSN:  xxx-xx-9893

                    Debtors(s).


**NOTICE OF UNITED STATES TRUSTEE'S MOTION TO DISMISS**
**CASE FOR PRESUMPTION OF ABUSE PURSUANT TO**
**11 U.S.C. § 707(b)(2), OR IN THE ALTERNATIVE, FOR ABUSE**
**PURSUANT TO 11 U.S.C. §707(b)(3) AND HEARING THEREON**

         PLEASE TAKE NOTICE that the United States Trustee has filed with the Court a Motion Of The
United States Trustee To Dismiss Case For Presumption Of Abuse Pursuant To 11 U.S.C. § 707(b)(2), Or
In The Alternative, For Abuse Pursuant To 11 U.S.C. § 707(b)(3) (the "Motion") in the above-captioned
case.  A copy of the Motion is being served on you simultaneously herewith.

         **Your rights may be affected.  You should read these papers carefully and discuss**
**them with your attorney, if you have one in this bankruptcy case.  (If you do not have an**
**attorney, you may wish to consult one).  Under Local Bankruptcy Rule 9013-1, unless a**
**written response to the Motion is filed with the Clerk of Court and served on the moving**
**party within seven (7) days before the scheduled hearing date on the Motion, the Court**
**may deem any opposition waived, treat the Motion as conceded, and issue an Order**
**granting the relief requested.**

         PLEASE TAKE FURTHER NOTICE that on **June 19, 2013 at 11:00 a.m.** (or such time
thereafter as the mater may be heard) the undersigned will appear before the **Honorable Kevin**
**R. Huennekens., United States Bankruptcy Judge, in Room 5000 of the United States**
**Courthouse, 701 East Broad Street, Richmond, Virginia 23219**, and will move the Court for
entry of an order approving the Motion.

         If you do not want the Court to grant the relief sought in the Motion or if you want the
Court to consider your views on the Motion, then on or before **seven (7) days** before the

---

Robert B. Van Arsdale, Esq., AUST (Va. Bar No. 17483)
Shannon Franklin Pecoraro, Esq. (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

scheduled hearing date on the Motion, you or your attorney must:

( X )   File with the Court, at the address below, a written response with supporting memorandum pursuant to Local Bankruptcy Rule 9013-1(H).  You must mail or otherwise file it early enough so the Court will **receive** it on or before the date stated above.

Clerk of Court
United States Bankruptcy Court
701 East Broad Street, Suite 4000
Richmond, Virginia 23219

You must also serve a copy on:

Shannon F. Pecoraro, Esq.
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

( X )   Attend the hearing on the Motion.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that requested relief without further notice or hearing.

Date:                    JUDY A. ROBBINS
United States Trustee
Region Four

/s/ Shannon Franklin Pecoraro
Shannon Franklin Pecoraro, Esq. (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned do hereby certify that on  , I caused to be mailed a true and correct copy of the above and foregoing, with postage fully prepaid herein, via U.S. Mail,  to the following parties:

James M. Greber
Caroline M. Greber
3949 Fighting Creek Drive
Powhatan, VA 23139

The Court has electronically mailed the document to the following persons or all other necessary parties, including, the Debtors' attorney and the Chapter 7 Trustee.

/s/ Shannon F. Pecoraro
Robert B. Van Arsdale, Esq., AUST (Va. Bar No. 17483)
Shannon Franklin Pecoraro, Esq. (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (704) 771-2330

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

In re

James M. Greber                                          Case No.13-30235-KRH
3949 Fighting Creek Drive                                Chapter 7
Powhatan, VA 23139
SSN: xxx-xx-3534

Caroline M. Greber
3949 Fighting Creek Drive
Powhatan, VA 23139
SSN:  xxx-xx-9893

                    Debtors(s).

### MOTION OF THE UNITED STATES TRUSTEE TO DISMISS
### CASE FOR PRESUMPTION OF ABUSE PURSUANT TO 11 U.S.C. § 707(b)(2),
### OR IN THE ALTERNATIVE, FOR ABUSE PURSUANT TO 11 U.S.C. §707(b)(3)

COMES NOW JUDY A. ROBBINS, the United States Trustee for Region Four (the "U.S. Trustee"), through the undersigned counsel, who respectfully moves this Court for entry of an Order dismissing the above captioned Debtors' (the "Debtors") case for presumption of abuse pursuant to 11 U.S.C. § 707(b)(2), 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), or, in the alternative, for abuse pursuant to Bankruptcy Code § 707(b)(3), and represents as follows:

### JURISDICTION

1.      This Court has jurisdiction of this matter under 28 U.S.C. §§ 1334, 151, and 157(a) and (b)(1).  This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (B).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This Motion is filed pursuant to Bankruptcy Code §§ 707(b)(2) and 707(b)(3).

### TIMELINESS OF MOTION

3.      Bankruptcy Code § 704(b)(1)(a) requires the U.S. Trustee to review all materials filed by debtors, and not later than ten (10) days after the date of the first meeting of creditors, file with the Court a statement as to whether the Debtors' case would be presumed to be an abuse under § 707(b).

4.      The initial Chapter 7 meeting of creditors (the "341 Meeting") was scheduled to be held on March 25, 2013.

5.    On April 4, 2013, pursuant to the requirements of Bankruptcy Code § 704(b)(1)(a), the U.S. Trustee filed a statement of presumed abuse (the "10 Day Statement").

6.    The deadline under Bankruptcy Code § 707(b)(2) is May 6, 2013.

7.    The U.S. Trustee timely filed a motion seeking an extension of the deadlines under 11 U.S.C. §§ 707(b)(3) and 727 of the Bankruptcy Code to May 28, 2013.  The objection period has not passed; therefore, an Order has not yet been entered granting the requested extension.

8.    This Motion is timely filed.

## FACTUAL BACKGROUND

9.    On or about January 16, 2013 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

10.    Bruce E. Robinson (the "Chapter 7 Trustee") was appointed trustee and continues to serve as Chapter 7 trustee in this bankruptcy case

11.    On *Schedule F - Creditors Holding Unsecured Nonpriority Claims,* the Debtors list creditors with claims totaling $39,291.00.

12.    The debts listed on the Debtors' schedules D, E and F appear to be primarily consumer obligations.

13.    On the *Official Form 22A* (the "Means Test"), the Debtors report monthly gross household income of $10,381.13, annualized gross household income totaling $124,573.56, and a household size of two (2) persons.  See Means Test, lines 12, 13, and 14.

14.    The applicable median family income for a family consisting of two (2) persons in Virginia on the date of the Debtors' bankruptcy petition was $64,593.00.

15.    The Debtors' household income as reported on the Means Test substantially exceeds the applicable state median family income figure.

16.    Because the Debtors' reported household income exceeded the applicable state median family income, the Debtors were required to complete the remainder of the Means Test.

17.    On the Means Test, the Debtors report total deductions allowed under Bankruptcy Code § 707(b)(2) of $10,260.08.  See Means Test, line 47.

18.   On the Means Test, the Debtors report "monthly disposable income under § 707(b)(2)" of $121.05 and, on Line 51, "60-month disposable income under § 707(b)(2)" of  $7,263.00.  See Means Test, lines 50 and 51.

19.   The U.S. Trustee requested certain documentation from the Debtors including:  a) pay advices for the six (6) month period preceding the petition date, b) 2012 personal tax returns (federal and state), c) statements for all banking, credit union, mutual funds and stock accounts in the names of the debtors, whether individually or jointly held, for the six (6) month period preceding the petition date, and d) documentation to support certain claimed expenses.

20.   The U.S. Trustee has received most of the requested documentation and reviewed same.

## LAW AND ANALYSIS UNDER 11 U.S.C. § 707(b)(2)

21.   In enacting the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"), Congress made significant changes to the Bankruptcy Code to facilitate the prevention of abuse of the bankruptcy system.

22.   Cases such as the instant case demonstrate the type of abuse Bankruptcy Code § 707(b) was intended to prevent.

23.   Bankruptcy Code § 707(b)(1) provides that the Court may dismiss a case filed by an individual whose debts are primarily consumer debts, if it finds that granting relief would be an abuse of the provisions of Chapter 7.

24.   Section 707(b)(2)(A)(i) provides, in pertinent part,
> . . . the court shall presume abuse exists if the debtor's current monthly income reduced by [certain deductions] and multiplied by 60 is not less than the lesser of –
> (I)      25 percent of the debtor's nonpriority unsecured claims in the case or $7,025.00, whichever is greater; or
> (II)     $11,725.00.

11 U.S.C. § 707(b)(2)(A)(i) (2013).

25.   Under this provision, the Court must presume that a debtor's chapter 7 filing is abusive if, inter alia, the debtor has monthly disposable income of more than $195.42 per month, or $11,725.00 over sixty (60) months, to fund a plan.

26.    If a presumption of abuse arises, a debtor may rebut it only by demonstrating special circumstances to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.  See 11 U.S.C. § 707(b)(2)(B)(i) (2013).

27.    A debtor must provide a detailed explanation of the special circumstances, itemize and document each additional expense or adjustment of income, and attest under oath to the accuracy of the information provided.  See 11 U.S.C. § 707(b)(2)(B)(ii) and (iii) (2013).

28.    In the event a debtor establishes special circumstances of the kind described in Bankruptcy Code § 707(b)(2)(B)(i), the debtor will rebut the presumption of abuse only if he or she can demonstrate that the additional expenses or adjustments to income cause the product of the debtor's reduced monthly income, when multiplied by sixty (60), to be the lesser of (1) 25% of the debtor's unsecured debts or $7,025.00, whichever is greater or (b) $11,725.00.  See 11 U.S.C. § 707(b)(2)(B)(iv) (2013).

29.    The U.S. Trustee prepared an amended Means Test and determined that the Debtors have monthly disposable income in an amount greater than $195.42, and therefore, the presumption of abuse arises.

30.    In preparing the amended Means Test, the U.S. Trustee adjusted various line items.

31.    Specifically, the Debtors have advised on their schedules that they plan to surrender the real estate located at 3949 Fighting Creek Drive, Powhatan, VA (the "Real Estate").  Based on the foregoing, the U.S. Trustee has removed the mortgage payments associated with the Real Estate from Line 42 and allowed the Debtors the IRS deduction on Line 20.  See In re Quigley, 673 F.3d 269 (4th Cir. 2012) (ruling that payments not actually being paid by a debtor because the property is being surrendered could not be taken as an expense).

32.    The U.S. Trustee has also adjusted "Line 22  - Local Standards:  transportation; vehicle operation/public transportation expense" from $1,342.61 to reflect the correct IRS allowance for two (2) cars of $488.00.

33.    Additionally, the U.S. Trustee adjusted "Line 26 – Other Necessary Expenses:  involuntary deductions from employment" to $0.00.  In reviewing the pay advices, it appears that the figure used by

the Debtor of $558.87 is payment for taxes.  This number is being double counted as payment for pre-

pettion priority claims, which is also included on Line 44 – Payments on prepetition priority claims.

34.    The U.S. Trustee also adjusted "Lines 31 – Other Neccessary Expenses: Health Care and

Line 34 – Health Insurance, Disability Insurance and Health Savings Account Expenses" to properly

reflect the Debtor's total health insurance and health care expenses pursuant to their amended Schedule J,

les the Means Test allowance for said items on Line 19B – National Standards:  Health Care.

35.    Accordingly, the U.S. Trustee submits that the relief requested herein is justified and in the

best interest of the Debtors' creditors and should be granted.

## LAW AND ANALYSIS UNDER 11 U.S.C. § 707(b)(3)

36.    In the event the Court does not agree that the Debtors' case should be dismissed for

presumption of abuse pursuant to Bankruptcy Code § 707(b)(2), the U.S. Trustee has also investigated the

Debtors' case for abuse pursuant to Bankruptcy Code § 707(b)(3) and asserts that dismissal under §

707(b)(3) is also appropriate.

37.    The standard for presuming abuse under Bankruptcy Code § 707(b)(2) is based on a

statutorily mandated calculation (as detailed above) while the standard for actual abuse under Bankruptcy

Code § 707(b)(3) is based upon consideration of evidence of a debtor's bad faith or totality of the

circumstances of his or her financial situation.

38.    Whereas the court may look only to the results of the Means Test Form for dismissal

predicated on the presumption of abuse arising under Bankruptcy Code § 707(b)(2), the Court must

exercise its discretion to dismiss a case under Bankruptcy Code § 707(b)(3).

39.    Section 707(b)(3) of the Bankruptcy Code provides, in pertinent part, as follows:
> In considering under paragraph (1) whether the granting of relief would
> be an abuse of the provisions of this chapter in a case in which the
> presumption in subparagraph (A)(I) does not arise or is rebutted, the court
> shall consider –
>> (A) whether the debtor filed the petition in bad faith; **or**
>> (B) [whether] the totality of the circumstances (including whether
>> the debtor seeks to reject a personal services contract and the
>> financial need for such rejection as sought by the debtors) of
>> the debtor's financial situation demonstrates abuse.

11 U.S.C. § 707(b) (2013) (emphasis added).

40.    Bankruptcy Code § 707(b), as amended by BAPCPA, replaces dismissal based upon

"substantial abuse" under pre-BAPCPA § 707(b) with a mere "abuse" standard.

41.    Under § 707(b)(3) of BAPCPA, dismissal is warranted based upon "abuse" in cases where a debtor filed a chapter 7 case in bad faith or the totality of the circumstances indicates the debtor has the ability to repay a substantial portion of unsecured debt.

42.    That a chapter 7 case may be dismissed for "abuse" under § 707(b)(3) is not dependent on the presumption of abuse arising under § 707(b)(2).  Nothing in the Code indicates that the court's traditionally discretionary analysis has been replaced by the means test.

43.    Using the standard articulated in Bankruptcy Code § 707(b)(3), post-BAPCPA, the Debtors' case would be an abuse.

44.    Additionally, though post-BAPCPA Bankruptcy Code § 707(b)(3) seems to have lightened the standard for finding abuse, the Debtors' case would also fail if this Court were to apply the test set forth by the Fourth Circuit in the pre-BAPCPA case of In re Greene, 934 F.2d 568 (4th Cir. 1991) (adopted a "totality of circumstances" test for determining whether substantial abuse exists in a given Chapter 7 case).

45.    Under the Greene test, the following factors are to be analyzed:

(a) Whether the debtor has the ability to repay;

(b) Whether the bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment;

(c) Whether the debtor incurred cash advances and made consumer purchases far in excess of his ability to pay;

(d) Whether the debtor's proposed family budget is excessive or unreasonable;

(e) Whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the true financial condition; and

(f) Whether the petition was filed in good faith.

Greene, 934 F.2d at 572 (citing In re Strong, 84 B.R. 541, 545 (Bankr. N.D. Ind. 1988)); In re Peluso, 72 B.R. 732, 736 (Bankr. N.D.N.Y. 1987); In re Grant, 51 B.R. 385, 392 (Bankr. N.D. Ohio 1985) (citing substantially similar factors drawn from cases cited).

46.    A consumer debtor's ability to repay a significant portion of his or her unsecured debt out of future disposable income is a primary factor and strong evidence of abuse sufficient to rebut that presumption in favor of the debtor.  The burden then shifts to the Debtor to demonstrate entitlement to Chapter 7 relief.  In re Norris, 225 B.R. 329 (Bank. E.D. Va. 1998).

47.    The Debtors have not demonstrated entitlement to relief under Chapter 7 of the Bankruptcy Code.

48.    On Schedule I, the Debtors report monthly gross household income of $9,877.88 and monthly net income of $7,107.84.

49.    On Schedule J, as amended, the Debtors report monthly expenses of $7,670.80 and monthly disposable income of ($562.96).

50.    The U.S. Trustee has prepared a corrected Schedule I and J, and it appears the Debtors could afford a substantial Chapter 13 plan payment.

51.    In reviewing the pay advices, it appears that Mr. Greber's income is understated on Schedule I.

52.    Additionally, the U.S. Trustee adjusted the following expenses:  a) removed the first and second mortage payments for the Real Estate that the Debtors plan to surrender and allow the IRS allowance as a rent expense, b) lowered utilites and home maintenance to properly reflect a smaller home and bills no longer paid (propane), c) removed cell phone expense of $83.33 from "other utility expenditures" as a duplication of the telephone expense on another line.

53.    The totality of the circumstances indicates that the Debtors' financial condition does not warrant a Chapter 7 discharge: (a) the Debtors have the ability to repay  a substantial portion of their unsecured debt through a Chapter 13 plan; (b) the Debtors did not file the bankruptcy petition because of sudden illness, calamity, disability, or unemployment; (c) the petition and schedules do not accurately reflect the Debtors' true financial condition; and (d) it is questionable whether the Chapter 7 case was filed in good faith.

54.    With the foregoing adjustments, the Debtors can afford a substantial Chapter 13 plan payment.

55.   Accordingly, the U.S. Trustee submits that the relief requested herein is justified and in the best interest of the Debtors' creditors and should be granted.

## NOTICE

56.   Notice of this Motion has been given to:  (a) the Debtors, (b) the Debtors' counsel, and (c) the Chapter 7 Trustee.  In light of the relief requested herein, the U.S. Trustee submits that no other or further notice is required.

## RELIEF REQUESTED

57.   The U.S. Trustee prepared a corrected Means Test Form and believes that the presumption of abuse arises in this case.

58.   The Debtors have not presented special circumstances to rebut the presumption of abuse.

59.   Accordingly, this Court should dismiss the case under Bankruptcy Code § 707(b)(1) because there is a presumption of abuse under Bankruptcy Code § 707(b)(2).

60.   In the alternative, this Court should dismiss the Debtors' case pursuant to Bankruptcy Code § 707(b)(3) based on the totality of the circumstances.

61.   Based on the foregoing, there is just cause to dismiss the Debtors' case pursuant to Bankruptcy Code § 707(b)(2) or Bankruptcy Code § 707(b)(3).

62.   The U.S. Trustee has had discussions with Debtors' counsel regarding this case.

63.   The U.S. Trustee reserves the right to amend this Motion or to file a supplement to same.


WHEREFORE, the U.S. Trustee respectfully requests that: (a) the Debtors' discharge be deferred pending disposition of this motion; (b) the case be dismissed pursuant to Bankruptcy Code §707(b)(2) or, in the alternative, pursuant to Bankruptcy Code § 707(b)(3); and (c) the Court grant such other and further relief as is just.

Respectfully requested

JUDY A. ROBBINS
United States Trustee
Region 4

By    /s/ Shannon Franklin Pecoraro
Trial Attorney

Robert B. Van Arsdale, Esq., AUST (Va. Bar No. 17483)
Shannon Franklin Pecoraro, Esq. (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

## CERTIFICATE OF SERVICE

I, the undersigned do hereby certify that on , I caused to be mailed a true and correct copy of the above and foregoing, with postage fully prepaid herein, via U.S. Mail,  to the following parties:

James M. Greber
Caroline M. Greber
3949 Fighting Creek Drive
Powhatan, VA 23139

The Court has electronically mailed the document to the following persons and to all other necessary parties, including, the Debtors' attorney and the Chapter 7 Trustee.

/s/ Shannon F. Pecoraro
Robert B. Van Arsdale, Esq., AUST (Va. Bar No. 17483)
Shannon Franklin Pecoraro, Esq. (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310